ANDREWS vs. CLEVELAND.

ORDER for bill of particulars. Issue was joined in this cause on 24th September last; on the 11th November, notice of trial and inquest for the Erie circuit was served at Canandaigua on the agent of the defendant's attorney, who resides in the city of New-York, for the 14th December. On the 27th November, the notice of trial being then received by the defendant's attorney, application was made by the defendant to the recorder of New-York for an order for a bill of particulars, which was on that day granted, directing the plaintiff to appear at the recorder's office on the 20th December, to shew cause why he should not deliver a bill of particulars, and staying all proceedings in the mean time. This order was served in the city of New-York on the agent of the plaintiff's attorney, who resided at Buffalo, on the 5th December, and was not received by him until the 14th December. The *twentieth* of December, the day for shewing cause, was on *Sunday*. On the 21st December, no peremptory order for a bill of particulars having been made and served, the plaintiff took an inquest at the Erie circuit, which was now moved to be set aside for irregularity, and on an affidavit of defence on the merits. It also appeared that the plaintiff had previously obtained a default for not pleading, which was set aside on an affidavit of merits at the last August term.

*An order for a bill of particulars may be made at any time before the trial. When made after issue joined, it should be granted with caution.*

*J. M'Keen*, for defendant.

*H. B. Potter*, for plaintiff.

*By the Court*, SUTHERLAND, J. It is unnecessary to say how the order to shew cause on a *Sunday* would have been regarded, as on the *twenty first* day of December, when the inquest was taken, its force as an order to stay proceedings was spent, and it was not continued by a peremptory order. The proceedings of the plaintiff were therefore

ALBANY,      entirely regular, and the motion to set aside the inquest
January, 1830. would be denied but for the affidavit of merits; and even
The People   on this ground the court have had their doubts. An order
   v.        for a bill of particulars may be made at any time before the
  Dean.      trial, on the application of either party, (2 Archbold, 221;)
             but when applied for by a defendant, after issue joined, it is a
             suspicious circumstance, and the officer granting an order
             should be well satisfied that the object of the party is not
             delay, and he should require a good excuse for the late ap-
             plication. There is reason to suspect that the order in this
             case was obtained with a view to delay, inasmuch as it was
             not followed up with a peremptory order. The court, how-
             ever, are inclined to let in the defendant to defend the suit,
             permitting the plaintiff to perfect his judgment and hold the
             same as security, and ordering the defendant to pay the costs
             of this motion.