By the Court,

Savage, Ch. J.
So far as the defendant relies on irregularity, he fails. The order of the sixteenth of August, to stay proceedings, was spent the twenty fourth, as it was not continued by a peremptory order. Andrews v. Cleveland, 3 Wendell, 437. It is true that the peremptory order need not be served for any purpose but to non-pros the plaintiff, but still it must be obtained ; the defendant must show that he is in earnest in his application for the bill of particulars; *and that it is not made merely for delay. Here the plaintiff attended before the judge prepared to show cause, but no application was made for a peremptory order. The case of Rowan v. Merritt, 9 Wendell, 443, does not conflict with Andrews v. Cleveland. The court say, in Rowan v. Merritt, that the portion of the original order, staying proceedings, is operative until the delivery of the bill of particulars, provided a peremptory order be granted ; a peremptory order was obtained, in that case although it was not served. Here no such order was obtained, and consequently the original order ceased on the twenty fourth to be a stay. The defendant is, however, entitled to relief on the merits. The chief justice acccordingly directed a rule to be entered, permiting the defendant to plead on terms.