## NASH v. SPANN.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

PLEADING—RIGHT TO BILL OF PARTICULARS.

Plaintiff is entitled to a bill of particulars to enable her to reply to a counterclaim of $10,000 for medical services extending over a period of three years, where she admits the rendition of some services.

Appeal from special term, New York county.

Action by Frances V. Nash against James H. Spann for money loaned. From an order denying a motion for a bill of particulars of defendant's counterclaim, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. B. Carrington, for appellant.

Abram I. Elkus, for respondent.

PER CURIAM. This action was brought to recover $2,500, money loaned by plaintiff to defendant. The defendant admitted the causes of action set up in the complaint, and set up as a counterclaim, that he was a physician and surgeon, and that as such, between the 20th day of July, 1893, and 20th day of July, 1896, he rendered professional services to the plaintiff at her request, of the fair value of $10,300, of which no part had been paid except the sum of $745, leaving due to the defendant $9,555. The plaintiff made a motion for a bill of particulars, alleging ignorance of the particulars of the claim made by the defendant, and of the nature and extent of the services, and of the value claimed for them, and that it was necessary to her defense of the counterclaim, and to enable her to reply herein, that she should have a bill of particulars. The motion was denied, and from the order thereupon entered this appeal is taken.

If the motion had been made to enable the plaintiff to prepare for trial, it undoubtedly was premature; but the plaintiff desired a bill of particulars to enable her to reply. Where a complaint alleges the sale of goods, wares, and merchandise, and the rendition of services, in general terms, the party sued has always been allowed a bill of particulars, especially where the delivery of some goods or the rendition of some services is admitted. The party sued is entitled to know these particulars, so as to answer definitely and with precision, and not be required to hazard general allegations, which may or may not meet the special proof in the case. The nature and extent of services extending over a period of three years, for which a charge of over $10,000 is made, is a matter in respect to which the plaintiff had the right to have definite information, especially as it is admitted upon the record that, at the very time that the defendant is now claiming that an indebtedness existed upon the part of the plaintiff to him for professional services, he was borrowing money from her.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide event.