ZIEGLER v. GARVIN et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1903.)

1. SOLICITING CONTRACT—COMPENSATION—BILL OF PARTICULARS—NAMES OF CUSTOMERS.

Where plaintiff alleged that defendants contracted to pay plaintiff a commission of 5 per cent. on all sales made by or through plaintiff, and that in pursuance of such contract plaintiff sold for defendants large quantities of goods, and procured persons to purchase large quantities of such goods, whereby defendants became indebted to plaintiff in the sum of $10,000, etc., defendants were entitled to a bill of particulars setting out the names of ·the persons which plaintiff claimed to have procured as defendants' customers.

2. SAME—AMOUNT OF SALES.

Since defendants had knowledge of the amount of sales made to their customers, whether procured by plaintiffs or otherwise, they were not entitled to a bill of particulars as to the amount of sales made to customers claimed to have been procured by plaintiff.

Appeal from Special Term, New York County.

Action by Alfred D. Ziegler against Charles E. Garvin and another.   From an order directing plaintiff to serve a bill of particulars, he appeals.   Modified.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Sidney Rosenbaum, for appellant.

Howard Thornton, for respondents.

INGRAHAM, J. . The plaintiff was required to serve a bill of particulars before the defendants answered, and to sustain the order appealed from it must appear that the information sought was necessary to enable the defendants to interpose the proper answer.   The complaint alleges that the defendants entered into an agreement with the plaintiff whereby the plaintiff agreed to sell the paper and goods manufactured by the defendants, and to procure persons to purchase, or contract to purchase, of the defendants such paper and goods, and that the defendants agreed to pay to the plaintiff a commission of 5 per cent. of the amount of all sales made by or through the plaintiff, and of all sales or contracts of sale which might thereafter be made or entered into by the defendants to or with any person or persons procured by the plaintiff; that thereafter the plaintiff, in pursuance of the said agreement, did sell for the defendants large amounts of paper and goods, and did procure persons to purchase, and to contract with the defendants to purchase, large quantities of the defendants' paper and goods; and that thereby the defendants became indebted to the plaintiff in the sum of $10,000, of which the plaintiff has received $50.

One of the defendants, in his affidavit upon which this application was made, denies making any such contract as that alleged; alleges that the plaintiff did sell goods for the defendants in an amount not exceeding $3,208.43, upon which the plaintiff would be entitled to receive as and for his commissions the sum of $160.43, upon account of which the defendants have paid the sum of $50, which amount the defendants have been ready and are still ready and willing to pay;

but that the defendants are entirely ignorant of the facts and circumstances upon which the plaintiff bases his claim.

The allegations of the complaint are extremely indefinite. No time is fixed during which the goods were sold or the customers procured for the defendants, and there is no statement of the amount of the goods sold by the plaintiff or to persons procured by him. I think that to properly answer the defendants are entitled to have the names of the persons that the plaintiff procured to purchase and to contract with the defendants. Until the names of such persons are specified, the defendants can neither admit nor deny the fact that persons were procured by the plaintiff, or that they made sales to such persons which would entitle the plaintiff to a commission. Under such a contract as is here alleged, the plaintiff would be entitled to receive commissions upon all goods sold to persons that he had procured or induced to deal with the defendants, even if he failed to notify them of the facts. The plaintiff knows the customers that he procured, and before the defendants should be required to answer this extremely vague and indefinite allegation they should be apprised of the names of those that the plaintiff claims to have procured as the defendants' customers. The defendants know the amount of the sales made to their customers, whether procured by the plaintiff or otherwise, and such information is not necessary at this stage of the action.

The order appealed from should therefore be modified by requiring the plaintiff to serve upon the attorney for the defendants a bill of particulars stating the names of the parties to whom the plaintiff sold goods for and on account of the defendants, and the names of the persons that the plaintiff procured to purchase goods from the defendants, and as thus modified the order should be affirmed, without costs of this appeal.

Order modified as directed in opinion, and, as modified, affirmed, without costs. All concur.