SCHULTZ v. RUBSAM.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. PLEADING—BILL OF PARTICULARS—PREMATURE ORDER.
An order, granted before issue joined, compelling plaintiff to furnish a bill of particulars, to enable defendant to prepare his defense, is premature.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 977.]

2. SAME—PARTICULARS IN AID OF ANSWER.
Where, in support of a motion for a bill of particulars, defendant filed an affidavit that he intended in good faith to defend the action, and that he was ignorant of the particulars of the claim alleged by plaintiff, he was not entitled to such bill of particulars in order to enable him to answer; defendant being permitted by Code Civ. Proc. § 500, to answer by denying any knowledge or information sufficient to form a belief as to the allegations of the complaint.

Appeal from Special Term, Queens County.

Action by Rudolph Schultz against Jacob Rubsam. From an order requiring service of a bill of particulars of plaintiff's claim, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Abraham Oberstein, for appellant.
Fred. G. De Witt, for respondent.

HIRSCHBERG, P. J. The order is premature. The action was not at issue at the time it was granted, so that it was improper if granted in order to enable the defendant to prepare his defense; and, if granted in order to aid the defendant in answering, it was unnecessary, so far as any evidence of its necessity can be gathered from the facts set up in the moving papers. Had the motion been to require the allegations of the complaint to be made more definite and certain, a different question would have been presented. Nor is it intended to intimate that the defendant may not be fully entitled to an order for the particulars in question after the action is at issue.

The only statement in the moving papers designed to describe the necessity for a bill of particulars at this time is the following contained in the defendant's affidavit, viz.:

"That he intends in good faith to defend the action, and that he is ignorant of the particulars of the claim alleged by the plaintiff, and that it is material and necessary to his defense in this cause of action, and to enable him to answer herein, that he shall have rendered to him a bill of the particulars thereof, as he is advised by Fred. G. De Witt, his counsel, and verily believes."

In American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267, it was held by the Appellate Division, in the First Department, that, where no answer has been served, a motion by the defendant for a bill of particulars upon the ground that it was necessary for his defense must be denied, as it cannot be said that a defense will be made until an issue is raised by the service of an answer; and it was further held that such an order could not be granted to enable the defendant to answer where he was wholly ignorant of the particulars of the plaintiff's claim, inasmuch as the Code of Civil Procedure (section 500) permits him to deny any knowledge or information sufficient to form a belief as to the allegations of the complaint in reference to it. That case was followed by this court on both points in Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528, and must be assumed to state the rule applicable to the situation in this department.

The order should be reversed and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.