### EHRICH v. DESSAR.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS—GROUNDS.

　　A complaint in an action for services, which alleges that between designated dates plaintiff rendered services to defendant at his request as manager, adviser, agent, and representative, with reference to mining properties, states but a single cause of action for services, for the statement of the various relations which plaintiff bore to defendant are merely descriptive; and defendant, distinctly stating that he has no knowledge of any claim as made by plaintiff, or of any services rendered, and will deny the same, is not entitled to a bill of particulars before answer.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 313*)—BILL OF PARTICULARS—GROUNDS.

　　A defendant is not entitled to a bill of particulars before answer on the ground that a bill may suggest defenses of which he is not aware.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Samuel W. Ehrich against Leo C. Dessar. From an order requiring plaintiff to furnish a bill of particulars before answer, and extending the time to answer, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Achilles H. Kohn, for appellant.
Franklin Bien, for respondent.

SCOTT, J. Plaintiff appeals from an order requiring him to give a bill of particulars before answer. The complaint is most general in form, alleging that between certain dates the plaintiff rendered services to defendant, at his request, as manager, adviser, agent, and representative at the city of New York and elsewhere with reference to certain mining properties. The order is made upon the theory that plaintiff is uniting four causes of action, claiming separately for services as manager, as adviser, as agent, and as representative, and requires him to give separate items of services rendered in each capacity. The complaint, as it stands, does not require this construction. There is but a single cause of action stated for services, and the statements of the various relations which the plaintiff bore to the defendant are merely descriptive, and, in fact, are surplusage. There was no ground for granting the motion before answer. The defendant does not require a bill of particulars in order to frame his answer, for he distinctly states that he has no knowledge of any such claim as plaintiff makes, or of any services rendered, and will deny the same. The suggestion that a bill of particulars will be required because it may suggest defenses of which defendant is not now aware has the merit of novelty, but no other merit which appeals to us.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.