Order appealed from is reversed, with $10 costs and disbursements, and the motion to vacate and set aside, granted. All concur.

---

### BRACKEN v. TOLAND et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. PLEADING (§ 323*)—BILL OF PARTICULARS—ORDER—TIME.

> Under Code Civ. Proc. § 531, conferring general authority to require bills of particulars without limitation in respect to time, courts may order a bill of particulars before requiring defendant to plead only in exceptional cases.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

2. PLEADING (§ 315*)—BILL OF PARTICULARS—PURPOSE.

> A bill of particulars will not be granted merely to enable a party to know whether to admit or deny an allegation, or whether to deny it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

positively or on information and belief, or by denying that he has any knowledge or information sufficient to form a belief with respect thereto; either form of denial being sufficient to raise an issue as provided by Code Civ. Proc. § 500.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 950; Dec. Dig. § 315.*]

3. PLEADING (§ 323*)—BILL OF PARTICULARS—GROUNDS.

A bill of particulars before answer may be granted where it is necessary that defendant should know the date or time of the transaction to determine whether to plead the statute of limitations, and it may be necessary to know whether a contract was in writing to plead the statute of frauds, or in other cases in which the defendant might be prejudiced if he were required to plead without the particulars of the claim of the adverse party.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

4. PLEADING (§ 317*)—BILL OF PARTICULARS—APPLICATION BEFORE ANSWER.

Plaintiff sued the surviving executors and trustees of two decedents for an accounting of property claimed to have been delivered to one of the decedents in trust, pursuant to an agreement which he alleged was violated, and demanding damages and interim injunctive relief. The liability of the personal representatives of the other decedent was based on allegations that their testator came into possession of the property or some of it under the will of testator with whom an agreement was made. Plaintiff pleaded a copy of the letter claimed to have been addressed to him under date of February 19, 1892, by the original contracting decedent, but did not allege when the letter was received, and after alleging, without giving any date, that he delivered certain property to such decedent pursuant to an agreement, without stating whether by parol or in writing, alleged its effect in general terms, and then stated that it would more fully appear by the letter which showed that there were to be periodical accountings; the complaint then charging that such decedent violated the trust and appropriated the money to his own use, but no date of the breach of the agreement was given, nor did plaintiff allege whether he ever demanded an accounting, or when he first learned of any breach of the agreement. *Held*, that defendants were entitled to a bill of particulars as to whether the contract was wholly in writing or partly in parol, and the terms thereof, and when made, with respect to whether there had been a demand for an accounting or for the return of the property, and when and where the property was delivered to the decedent by plaintiff.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Clarke and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Thomas Bracken against Andrew J. Toland and others, as surviving executors and trustees under the will of Hugh O'Donnell, and as surviving executors under the last will of Neal O'Donnell, deceased. From an order directing plaintiff to serve a bill of particulars of his damages, he appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Delos McCurdy, of New York City, for appellant.

William F. Clare, of New York City (Frederick A. Gill, of New York City, on the brief), for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. [1] The order was granted before the defendants pleaded, and upon the theory that they need the particulars to enable them to answer. The legislative authority for bills of particulars is general, without limitation with respect to the time when they may be required. Code of Civil Procedure, § 531. The courts may therefore, on the application of the adverse party, order a bill of particulars before requiring him to plead; but since ordinarily a party will not be prejudiced by pleading first, and it may thereby appear that he admits the material facts alleged and does not need further particulars thereof, it has become the well settled practice that, excepting in exceptional cases clearly showing the necessity therefor before pleading, applications made before issue joined will be denied. Andrews v. Cleveland, 3 Wend. 437; Nash v. Spann, 13 App. Div. 226, 42 N. Y. Supp. 964; Standard Materials Co. v. Bowne, 118 App. Div. 91, 103 N. Y. Supp. 12; Ehrich v. Dessar, 130 App. Div. 110, 114 N. Y. Supp. 271; U. S. Casualty Co. v. Jamieson, 122 App. Div. 608, 107 N. Y. Supp. 490.

[2] A bill of particulars will not be granted merely to enable a party to know whether to admit or to deny an allegation, or whether to deny it positively or upon information and belief, or by denying that he has any knowledge or information sufficient to form a belief with respect thereto, because, as the learned counsel for the appellant points out, either form of denial is sufficient to join issue thereon. Code of Civil Procedure, § 500; Schultz v. Rubsam, 104 App. Div. 20, 93 N. Y. Supp. 334; Am. Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267.

[3] It is manifest, however, that there may be exceptional cases where a bill of particulars may be necessary to enable a party to properly plead. It may be necessary to know the date or time of a transaction to determine whether to plead the statute of limitations, and it may be necessary to know whether a contract was in writing to plead the statute of frauds; and there may be other cases in which a party might be prejudiced if he were required to plead without the particulars of the claim of the adverse party, and when that appears the court should grant the order.

[4] In the case at bar the plaintiff demands that surviving executors and trustees of two decedents—both of whom died in 1902—account for property which he claims to have delivered to one of the decedents in trust pursuant to an agreement which he alleges was violated, and he also demands damages and for interim injunctive relief. The liability of the personal representatives of the other decedent is based upon allegations that their testator came into possession of the property, or some of it, under the will of the testator with whom the agreement was made. The plaintiff sets forth a copy of a letter, alleged to have been addressed to him under date of February 19, 1892, by the deceased Hugh O'Donnell, but he does not say when he received it. After alleging, without giving any date, that he delivered certain property to said decedent, in effect in trust, pursuant to an agreement, not stating whether it was parol or in writing, the effect of which he alleges in general terms and then states that it will

more fully appear by this letter, which shows that there were to be periodical accountings by said decedent, it is alleged that the decedent violated the trust and appropriated the property to his own use; but no date of a breach of the agreement is given. The plaintiff does not allege whether he ever demanded an accounting, or when he first learned of any breach of the agreement. The defendants show that they have no knowledge or information, or means thereof with respect to the matters alleged in the complaint. It is manifest that the statute of limitations may be a defense in whole or in part to the action. The defendants were therefore entitled to the particulars required by paragraphs "first," "fourth," and "seventh" of the order, relating to whether the contract was wholly in writing or partly in parol, and the terms thereof, and, when made, with respect to whether there has been a demand for an accounting or for the return of the stock and when and where the property was delivered to the decedent by the plaintiff. The other paragraphs of the order relate to items and descriptions of the property. The defendants do not need that now.

It follows that the order should be modified by striking out paragraphs "second," "third," "fifth," and "sixth," and, as so modified, affirmed without costs.

INGRAHAM, P. J., and SCOTT, J., concur. CLARKE, J., dissents, and votes for reversal of the order and a denial of the motion, with whom McLAUGHLIN, J., concurs.