(156 App. Div. 381.)

### UPDIKE v. MACE et al.

(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

PLEADING (§ 323*)—BILL OF PARTICULARS.

    Plaintiff, having sued executors for money "had and received by [defendants' testatrix] for and on account of the plaintiff," alleging, further, that said testator had from time to time up to the time of her death promised to pay, and that plaintiff agreed to wait till testatrix's death for payment, defendants moved before answer for a bill of particulars, on an affidavit that they were unaware that testatrix had any transactions with any one whereby testatrix received any money for account of plaintiff, and were unaware of any promise by testatrix to pay, and that plaintiff had sued defendants in the federal courts on a claim based on similar allegations, in which a decree of dismissal had been entered. *Held*, that a bill of particulars was improperly ordered, though a motion to make the complaint more definite as to matters of time and place might have been granted.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

Appeal from Special Term, Westchester County.

Action by Sarah E. Updike against Arthur J. Mace and another, as executors of Malinda G. Mace, deceased. From an order to serve a bill of particulars, plaintiff appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Franklin Bien, of New York City, for appellant.

Charles R. Hickox, of New York City, for respondents.

BURR, J. Plaintiff states as the ground of her cause of action against defendants:

"I. That at the city of New York, and prior to the death of Malinda G. Mace hereinafter referred to, the said Malinda G. Mace was indebted to the plaintiff herein in the sum of about two hundred thousand dollars for moneys had and received by the said Malinda G. Mace for and on account of the plaintiff herein.

"II. That the said Malinda G. Mace from time to time up to the time of her death promised to pay the same to this plaintiff, and this plaintiff agreed to and did wait until her death for the payment thereof by said Malinda G. Mace of the said sum of two hundred thousand dollars."

Before answer, upon an affidavit stating that defendants, the executors of the said Malinda G. Mace, are not aware that she had any transactions with any one, as a result of which the said Malinda G. Mace received a sum of about $200,000, or any other sum, for ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

count of the plaintiff, and that defendants are not aware of any circumstances under which it is claimed by plaintiff that the said Malinda G. Mace promised to pay to the plaintiff the sum of $200,000, and further alleging that plaintiff has already prosecuted against these defendants in the United States Circuit Court for the Southern District of New York in equity a claim based on similar allegations, in which case a final decree was entered dismissing the bill of complaint, with costs, said defendants obtained an order for a bill of particulars of plaintiff's claim, and from such order this appeal is taken.

It must be deemed settled by the authorities that a motion for a bill of particulars, made before answer, upon the ground that it is necessary for purposes of defense, will not be granted. Watertown Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229; American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267; Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528; Schultz v. Rubsam, 104 App. Div. 20, 93 N. Y. Supp. 334; Sands v. Holland Torpedo Boat Co., 115 App. Div. 151, 100 N. Y. Supp. 684; Standard Materials Co. v. Bowne & Sons Co., 118 App. Div. 91, 103 N. Y. Supp. 12. If the motion had been to make the complaint more definite and certain, inasmuch as particulars of time and place may be material, it is quite possible that such a motion would have been granted. Bennett v. Lawrence, 71 App. Div. 413, 75 N. Y. Supp. 902; First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284; Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669; Uss v. Crane Co., 138 App. Div. 256, 123 N. Y. Supp. 94; Smith v. Irvin, 45 Misc. Rep. 262, 92 N. Y. Supp. 170. Although plaintiff in this case may have been within her strict legal rights in opposing this motion, it is manifest that the complaint was designedly drawn to convey the least possible information to the defendants as to plaintiff's cause of action. If her cause of action is an honest one, she should not hesitate, whether the application is in form to make more definite and certain, or to furnish a bill of particulars, to give to the defendants, who are sued in their representative capacity, reasonable information of the true grounds of her alleged claim. Her opposition to defendants' application well illustrates one of the grounds for just criticism upon the law's delay.

While, therefore, the order must be reversed, and the motion denied, we think that no costs and disbursements upon the appeal, nor any costs of the motion, should be allowed plaintiff. All concur.