ELLA GORDON, Plaintiff, *v.* ROY C. WILLIAMS, Defendant.

(Supreme Court, Monroe Special Term, May, 1917.)

Bill of particulars — motion for — direction to furnish — pleading — motions and orders.

A bill of particulars may be granted before answer or other pleading only in exceptional cases as, for instance, where it is necessary in order to prepare a proper answer or other pleading.

MOTION for a bill of particulars.

Bryan & Bryan, for motion.

Leo J. Rice, opposed.

RODENBECK, J.   The motion for a bill of particulars herein is made before answer.   The legislative authority for bills of particulars is without limitation with respect to the time when they may be required (Code Civ. Pro. § 531) and the courts may, therefore, order a bill of particulars before requiring a party to plead. *Bracken* v. *Toland,* 153 App. Div. 57.   The general rule, however, is that a bill of · particulars will be ordered before answer or to enable a party to plead only in exceptional cases showing necessity therefor. *American Credit Ind. Co.* v. *Bondy,* 17 App. Div. 328; *Schultz* v. *Rubsam,* 104 id. 20; *Sands* v. *Holland Torpedo Boat Co.,* 115 id. 151; *Standard Materials Co.* v. *Bowne & Son Co.,* 118 .id. 91; *United States Casualty Co.* v. *Jamieson,* 122 id. 608; *Ehrich* v. *Dessar,* 130 id. 110; *Bracken* v. *Toland, supra; Updike* v. *Mace,* 156 App. Div. 381; *Bender* v. *Bender,* 88 Hun, 448.   The foregoing rule has been laid down by the courts for the reason that until the issues have been

framed it is impossible to tell what particulars are necessary in order to prepare for trial. Except where there are special reasons for a different course there should be an issue framed before the particulars are demanded so that the court may know whether the particulars are material to the issues in the case. In the case at bar the defendant alleges that he is ignorant of the particulars of plaintiff's claim and that they are necessary in order to enable him to properly answer the complaint but there is nothing in the complaint which the defendant is not in a position either to deny or to deny knowledge or information thereof sufficient to form a belief. Code Civ. Pro. § 500. The allegations in the complaint are not such as to make information necessary to enable the defendant to interpose the proper answer and the case is, therefore, not within the rule of *Zeigler* v. *Garvin,* 84 App. Div. 281, where the plaintiff was directed to furnish a bill of particulars before the answer had been served. Motion denied, without costs, with leave to renew after service of answer.

Motion denied, without costs.