**TRUBENIZING PROCESS CORPORATION v. JACOBSON et al.**

District Court, S. D. New York.
Feb. 25, 1935.

Kenyon & Kenyon, of New York City, for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City, for defendants.

PATTERSON, District Judge.

The suit is one in equity for infringement of patent. The defendants have moved for bill of particulars. The sole objection by the plaintiff is that the defendants have not yet answered the bill and that a motion for particulars is premature until after answer filed.

It is true that under the present practice in the New York courts the defendant may not in the usual case compel the plaintiff to furnish a bill of particulars prior to service of answer and joinder of issue. Ehrich v. Dessar, 130 App. Div. 110, 114 N. Y. S. 271; Bracken v. Toland, 153 App. Div. 57, 137 N. Y. S. 1043. It may be noted that the early authorities in New York were the other way. Roosevelt v. Gardinier, 2 Cow. (N. Y.) 463; Andrews v. Cleveland, 3 Wend. (N. Y.) 437. But in a suit in equity we do not defer to the New York practice. The federal courts of equity have their own practice, uniform throughout the country and unaffected by the practice prevailing in state courts. Bennett v. Butterworth, 11 How. 669, 13 L. Ed. 859; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797.

The practice on bills of particulars in a suit in equity in the United States courts comes from rule 20 of the Equity Rules (28 USCA following section 723):

"A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

The rule was a new one when the Equity Rules were adopted in 1912. It was

taken practically verbatim from the English rules. There is nothing in the text of the rule that withholds the defendant's right to particulars until after he has answered, and I am aware of no reason for reading into the rule a restriction that is not there. The practice generally (New York excepted) is that it is preferable for a defendant to move for particulars before pleading to the merits. The authorities to that effect are collected in 49 Corpus Juris, page 641. It may be observed also that as to discovery, rule 58 (28 USCA following section 723) provides that the plaintiff "at any time after filing the bill and not later than twenty-one days after the joinder of issue" may file interrogatories. This means that the plaintiff may file interrogatories before the defendant has answered. Standard Oil Co. v. Roxana Petroleum Corporation, 9 F.(2d) 453 (D. C. Ill.). It would be an odd result if interrogatories, but not an adversary's motion for better particulars, could be filed before joinder of issue.

I am satisfied that the defendant may move for a bill of particulars in a suit in equity either before or after answering. The items demanded are proper and the motion will be granted.