Hyman Korn, J.
This is a motion for summary judgment by the defendant based on its affirmative defenses. It alleges that the action is barred by the Statute of Limitations and that the defendant is guilty of laches. With respect to the affirmative defense of laches such will not support this motion nor is it a proper defense to a negligence action if the action was timely brought within the Statute of Limitations.
The accident herein occurred on October 5,1960. It is one for personal injuries based on a “hit and run” accident. Notice of claim was filed on December 27, 1960. About a year and a half later plaintiff moved for leave to sue pursuant to section 618 of the Insurance Law. This was opposed by defendant. The motion was denied with leave to renew on proper papers. About a year later plaintiff renewed the motion. The defendant opposed. The court was not satisfied that section 608 of the Insurance Law had been complied with; therefore, on August 19,1963, that matter was referred to a Special Referee and final disposition of the motion was held in abeyance pending his report. On November 4, 1963 a hearing was held and on November 6 the Referee recommended that the court find that there was compliance. The court, on November 22, 1963, confirmed the report and granted leave to sue. In the interim and before the three-year Statute of Limitations had run, the plaintiff, on October 3, 1963, served a copy of the summons on the Sheriff in New York County. This summons was served on December 2,1963.
The court is of the opinion that the service of the summons on the Sheriff did not extend the Statute of Limitations, as no valid summons could be served until leave to sue had been granted by the court pursuant to section 618 of the Insurance Law.
However, section 24 of the Civil Practice Act which was effective until August 31, 1963, provided: “Where the commencement of an action has been stayed by injunction or other order of a court or judge or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action ”, (Emphasis supplied.)
*189 That section has been carried over as CPLB 204 (subd. [a]). In the Practice Commentary by Professor McLaughlin on this section he states: ‘ Subdivision (a) represents no change in the law ” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 204, p. 128).
In Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 1, par. 204.02), the following statement is found:
‘ ‘ The provision that the running of the statute of limitations is suspended during any period of time that the claimant is stayed by court order from commencing a suit reflects the longstanding recognition that a restraint imposed by the courts should not operate to deprive a party of his right of action.
‘ ‘ In some cases there may be difficulty in determining whether an order that does not expressly stay a person from bringing a suit in fact operates to do so, within the meaning of this provision ’ ’.
On the facts presented here, the plaintiff was effectively restrained from bringing an action during the time that the court was holding in abeyance, determination on his motion for leave to sue. Had the determination been made expeditiously, the action could have been commenced within the time afforded by the Statute of Limitations.
Accordingly, the court holds that the time between August 15, 1963, the date when the renewed motion was on the calendar and November 22, 1963, the date when leave was granted is not part of the time within which the action must be commenced. Therefore, the statute did not operate to bar this action until three months and seven days after the three-year period or in January of 1964. As service was made in December of 1963, the action was not time-barred. Accordingly, defendant’s motion is denied.