OPINION OF THE COURT
Sidney H. Asch, J.
Defendant has moved to dismiss the complaint herein on the grounds that it fails to state a cause of action (CPLR 3211, subd [a], par 7); that the action is barred under the provisions of section 2001 of the Real Property Actions and Proceedings Law; and further that the action is barred by laches.
If defendant’s motion for dismissal is denied by this court, defendant then seeks an order directing plaintiff, before answer, to submit a verified bill of particulars to enable defendant to frame its answer.
The four causes of action set out in the complaint involve damages allegedly resulting from surface rain or storm waters flowing from the property of defendant, a church, upon the adjoining property of the plaintiff.
The defendant is also a church and operates a parochial school. Both before and after doing the work complained of, *843 defendant claims that it used and continues to use the subject premises, partly as a play area for its students, partly for accessory off-street parking spaces, and in connection with church-related purposes. It claims further that work in question was commenced in May, 1975 and was completed in or about August, 1975. The plaintiff commenced this action on December 14, 1977.
The four causes of action sound in (1) violation of a statutory duty; (2) negligence; (3) nuisance, and (4) trespass. Plaintiff seeks injunctive relief, as well as damages in the amount of $150,000 on each cause of action, together with interest, and its costs and disbursements.
A motion addressed to the complaint containing multiple causes of action must be denied if one cause of action is legally sufficient (Advance Music Corp. v American Tobacco Co., 296 NY 79).
The first and second causes of action sufficiently state valid causes of action. They allege the violation of a duty imposed by specific sections of the Administrative Code of the City of New York, and that the work was performed in bad faith and in a negligent manner causing injury to plaintiff.
The gravamen of plaintiff’s claim is that defendant, by filling, grading and surfacing its premises, caused storm waters, silt, mud and sand to flow onto plaintiff’s premises whenever there is a period of substantial rainfall.
Defendant readily admits that it caused filling, grading and surfacing work to be done on its property. These improvements, it is asserted, were made in good faith for reasons of safety and to fit the property to some rational use to which it was adapted.
The asserted causes of action raise a legal question as to the extent to which a landowner may cast off surface water onto the property of his neighbor. The human destiny on this planet has been intimately dependent upon the control of water. It is not surprising therefore that water control has been the subject of legal attention from the inception of the most primitive system of law. The characterization of a legal problem is often made with at least subconscious recognition given to the remedy which will follow the characterization. This has been specifically noted where water rights are concerned. (See Keeton, Trespass, Nuisance and Strict Liability, 59 Col L Rev 457.) There have been several different legal approaches to injuries caused by the casting off of surface *844 water, depending upon the hierarchy of concerns in the jurisdiction.
The civil law or natural flow theory takes the position that an owner of land who interferes with the natural flow of surface waters is liable for any injury caused to the lower land. (See, e.g., Keys v Romley, 64 Cal 2d 396; Armstrong v Francis Corp., 20 NJ 320; Lunsford v Stewart, 95 Ohio App 383; Butler v Bruno, 115 RI 264; Mulder v Tague, 85 SD 544; City of Houston v Renault, Inc., 431 SW2d 322 [Tex]; State v Deetz, 66 Wis 2d 1.)
The common enemy rule is that each landowner has an absolute right to cast off surface waters from his land as he sees fit. (Kinyon and McClure, Interferences with Surface Waters, 24 Minn L Rev, 891, 898-899; 78 Am Jur 2d Waters, § 120; see, e.g., Dekle v Vann, 279 Ala 153; Levy v Nash, 87 Ark 41; Abbott v Kansas City St. Joseph & Council Bluffs R. R. Co., 83 Mo 271, 286; State v Deetz, 66 Wis 2d 1, supra; cf. Keys v Romley, supra; Armstrong v Francis Corp., supra.) Seemingly, the traditional position expressed by the courts in New York has been this approach. (See Barklay v Wilcox, 86 NY 140, 148.)
The reasonable use theory is that a landowner who interferes with the flow of surface waters is liable for injury only when his interference is unreasonable, in view of all the relevant circumstances. (See, e.g., Swett v Cutts, 50 NH 439; Enderson v Kelehan, 226 Minn 163; Weinberg v Northern Alaska Dev. Corp., 384 P2d 450 [Alaska]; Hollingsworth Co. v Jardel Co., 40 Del Ch 196; Rodrigues v State, 52 Hawaii 156; Klutey v Commonwealth, Dept, of Highways, 428 SW2d 766 [Ky]; Armstrong v Francis Corp., 20 NJ 320, supra; Jones v Boeing Co., 153 NW2d 897 [ND]; Lunsford v Stewart, 95 Ohio App 383, supra; Butler v Bruno, 115 RI 264, supra; Mulder v Tague, 85 SD 544; City of Houston v Renault, Inc., 431 SW2d 322 [Tex], supra; Sanford v University of Utah, 26 Utah 2d 285; State v Deetz, 66 Wis 2d 1, supra.)
More than one hundred years ago, the significant facts to be considered in applying the reasonable use theory, were set forth in Swett v Cutts (50 NJ 439, 446, supra): "In determining this question all the circumstances of the case would of course be considered; and among them the nature and importance of the improvements sought to be made, the extent of the interference with the water, and the amount of injury *845 done to the other landowners as compared with the value of such improvements.”
As the demands of the community grow more complex, principles which have the attractiveness of simplicity no longer satisfy the competing and varying social needs. However, because of the gravitational pull of the precedental system, vestigial principles persist long after their functional vitality has atrophied. New social problems are met by legal improvisations, including the creation of exceptions to the general rule. The growth of urban areas, as well as other ecological and socio-economic factors affecting water rights, have riddled the common enemy and the civil law approaches with numerous exceptions. (Bridges, Application of Surface Water Rules in Urban Areas, 42 Mo L Rev 76.) These exceptions have all but obliterated the main principles.
A good example of the development in New York is illustrated by the case of Kossoff v Rathgeb-Walsh (3 NY2d 583).
The direction of the law since the invention of trespass on the case has been a progression from very rigid adherence to static principles toward formulations which afford the flexibility required for the more complex socio-economic systems which have in turn succeeded each other.
 It is with these considerations in mind that the rule in New York relating to surface water must be reviewed. No matter what controlling doctrine existed before, it seems clear that the exigencies of present life require that the law governing the casting off of surface water be predicated upon the concept of reasonable use. Even applying this rationale, the complaint states a viable cause of action. Plaintiff has alleged violations of the Administrative Code, bad faith and other unreasonable uses by the defendant of its property. These claims furnish a sufficient bulwark to withstand the challenge to the causes of action set forth in the complaint.
The further defense of laches cannot be appropriately asserted in this situation on the facts asserted. (Wilson v MVAIQ 44 Misc 2d 187.)
 While laches is a doctrine peculiarly applicable to suits in equity it does not operate to bar actions at law. (Schreier v Cummings, 250 App Div 808.) And laches will be no defense to an equitable action where the Statutes of Limitation pertaining to actions at law are applicable, because the remedy is concurrent at law and in equity. Thus an action for an equitable remedy in aid of or to enforce a legal right is *846 not barred by inaction until the legal remedy is barred by the Statute of Limitations (Galway v Metropolitan El. Ry. Co., 128 NY 132).
The motion to dismiss the complaint for failure to state a cause of action, also as barred by the limitation provision in section 2001 of the Real Property Actions and Proceedings Law, and laches, is denied.
The branch of the motion for a bill of particulars is granted (CPLR 3042, subd [b]; Bracken v Toland, 153 App Div 57) and it shall be furnished within 20 days of service of a copy of this order with notice of entry.