OPINION OF THE COURT
John A. Dillon, J.
This is an action brought pursuant to the Erie County Tax *700 Act § 11-25.1 (hereafter, the Act) to set aside a Referee’s deed given in Erie County’s in rem tax foreclosure proceeding No. 138. Issue having been joined, plaintiff now moves for summary judgment.[1]
The essential facts are either conceded or not in dispute and may be briefly stated. In October 1977, Cerullo Motors, Inc. (hereafter, Cerullo) gave plaintiff a mortgage on real property located in Erie County and known commonly as 80-82 Main Street, Depew, New York, to secure the sum of $70,000 loaned to it by plaintiff. This mortgage was recorded in the Erie County Clerk’s office on October 25, 1977 and constituted a first lien on the subject premises. In 1982, Erie County began in rem foreclosure proceedings against tax delinquent properties in the county, one of which was the subject property owned by Cerullo. While all notices of the litigation required by the Act were given, no actual notice thereof was ever given to plaintiff by the county. Judgment of foreclosure and sale was granted by this court on October 4, 1982 and the subject property was sold pursuant to said judgment on October 27, 1982 to Alden Equities, Ltd. (hereafter, Alden) for $20,000. A Referee’s deed conveying ownership to Alden was recorded in the Erie County Clerk’s office on January 3, 1983. While the date cannot be precisely fixed, plaintiff learned of the foreclosure and sale sometime shortly after November 2, 1982.
Plaintiff commenced this litigation during the last week of December 1984, contending that, as to it, the in rem judgment of foreclosure and sale was void due to the failure of the county to provide it with actual notice of the lawsuit, and requesting that the Referee’s deed be set aside and the judgment vacated. The county, while acknowledging that it never gave actual notice of the in rem action to plaintiff, argues that, under the circumstances present here,[2] the Act only *701 required it to provide plaintiff with constructive notice by posting and publication (cf., Erie County Tax Act §§ 11-12.0, 11-13.0), requirements with which it fully complied. The county further argues, inter alia, that plaintiff is barred by the doctrine of laches from prosecuting this action. Defendant Alden (having withdrawn its previously interposed Statute of Limitations defense) likewise seeks to raise the defense of laches, and further contends that principles of equitable estoppel should apply to defeat plaintiff’s claim. Alden contends that plaintiff’s motion for summary judgment must be denied because questions of fact exist as to whether plaintiff had actual notice of the in rem sale and the underlying antecedent foreclosure action, as well as with respect to the other defenses Alden has interposed.
In Mennonite Bd. v Adams (462 US 791, 798) the Supreme Court held that: "Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. Cf. Wiswall v. Sampson, 14 How. 52, 67 [1853). When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee’s last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of [Mullane v Central Hanover Bank & Trust Co., 339 US 306]”. Reliance by a foreclosing party on notice by publication and posting alone where a mortgagee is readily identifiable by virtue of a publicly recorded mortgage constitutes a violation of due process as to such mortgagee and renders any foreclosure judgment void (supra; cf. also, Matter of Foreclosure of Tax Liens by County of Erie [Manufacturers & Traders Trust Co.], 103 AD2d 636).
Under the facts and circumstances of this case, two issues are necessarily decisive of plaintiff’s motion for summary judgment: first, is the Mennonite holding (supra) to be applied in retroactive fashion here; and second, if Mennonite is to be so applied, does the record reveal "any triable issue of fact which is legally material” (Hamilton Mut. Realty Fund v Band Realty Co., 41 NY2d 936) to this litigation, the existence of which would preclude this court from granting the relief plaintiff seeks (cf., Zuckerman v City of New York, 49 NY2d 557).
i
Judgment was entered in this case by default on October 4, *702 1982 and the subject property sold pursuant to the judgment later that month. On June 22, 1983, the Supreme Court handed down its decision in the Mennonite case (supra). Neither the Mennonite decision itself, nor any case decided since then by the Supreme Court, addressed the question of whether Mennonite was to be applied retroactively. In Matter of Foreclosure by County of Erie (Manufacturers & Traders Trust Co.) (supra), this court was confronted with a county in rem judgment granted one month prior to Mennonite, in which the mortgagee moved to vacate the judgment on due process grounds because the county had not given it actual notice of the proceedings. In the (unreported) decision granting the mortgagee’s motion, this court held that Mennonite was to be applied retroactively to any case still in the "normal litigating process” (cf., Gager v White, 53 NY2d 475). Since, under the circumstances of that case, the mortgagee’s motion to vacate the judgment was the proper procedural vehicle for challenging the judgment, this court held that Mennonite applied to the case and vacated the judgment. In affirming the relief granted by this court, the Appellate Division declined to reach the retroactivity question (apparently because the sale under the judgment had occurred the same day Mennonite was decided [cf., Matter of Foreclosure of Tax Liens by County of Erie (Manufacturers & Traders Trust Co.), supra]).
Defendants contend that the in rem proceeding which plaintiff seeks to upset here is no longer in the "normal litigating process” because, rather than having moved to vacate the default judgment, plaintiff has instituted this separate action to set aside the Referee’s deed. The distinction that defendants make is, under the facts and law, unpersuasive.
Erie County Tax Act § 11-25.1 provides (as does the parallel provision of the Real Property Tax Law § 1136 [7]) that, once a Referee’s deed in an in rem tax foreclosure action has been recorded, the foreclosure proceedings can be challenged only by an action such as this to set aside that deed (cf., Town of Somers v Covey, 2 NY2d 250). Such action must be instituted within two years after such deed has been recorded or the regularity of the in rem proceedings is presumed to have been conclusively established.
Here, the Referee’s deed was recorded January 3, 1983, at which point plaintiff’s right to seek vacatur of the judgment by motion was cut off. In commencing this action in December 1984, plaintiff was pursuing the only legal remedy afforded it by statute. As such, this separate action constitutes the statu *703 torily authorized "normal litigating process” in that case beyond the entry of judgment, and the Mennonite decision (supra) is necessarily applicable here (cf., Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418).
ii
The county has conceded it did not give plaintiff actual notice of its in rem tax foreclosure proceeding, and it further concedes that the only notice it did give to plaintiff was constructive notice by publication and posting. Since plaintiffs status as a mortgagee of the subject property was readily ascertainable from Erie County public records, the notice the county gave to plaintiff was constitutionally inadequate under Mennonite (462 US 791, supra).
In this posture of the case, plaintiff has established its right to summary judgment unless defendants have adduced "evidentiary proof in admissible form sufficient to require a trial of material questions of fact” (Zuckerman v City of New York, supra, at 562; cf. also, Marine Midland Bank v Kenney Plumbing, 125 AD2d 969). This defendants have failed to do.
Alden’s contention that plaintiff may in fact have learned about the county’s in rem proceedings prior to the date the sale of the subject property occurred is grounded in surmise and hearsay, and is inadequate to defeat plaintiff’s motion. Moreover, even if true, such knowledge begs the issue of whether the county gave constitutionally adequate notice to plaintiff of the proceedings, something the county has conceded, at least as to Mennonite requirements, it did not do. Thus, such knowledge, even if possessed by plaintiff, would be legally irrelevant.
As to defendants’ contention that plaintiff has been guilty of laches, it is clear that plaintiff commenced this action within the time permitted by statute. While it is questionable whether the doctrine of laches applies in a case such as this, where plaintiff claims the judgment is void and is pursuing a statutory remedy to vindicate such claim (cf., Bohemian Brethren Presbyt. Church v Greek Archdiocesan Cathedral of Holy Trinity, 94 Misc 2d 841; Bennett v Piscitello, 170 Misc 177, 186), even if the doctrine did apply, defendants have failed to raise any triable issue of material fact with respect to plaintiff’s conduct.
All other issues raised by defendants have been considered and found to be without merit.
*704 Accordingly, summary judgment is hereby granted to plaintiff in this matter, the Referee’s deed given with respect to the subject premises is vacated and set aside, the in rem tax foreclosure judgment is vacated and set aside as to said parcel of real property and as to plaintiff’s interest therein, and defendant Alden’s counterclaim and cross claims are severed from the main action and shall abide such further proceedings thereon as the parties may be advised to take, if any.

. Defendant Alden Equities, Ltd. has interposed a counterclaim against plaintiff and a cross claim against the other defendants for "certain economic damages as a result of the reckless, negligence [sic] and improper conduct” of plaintiff and said defendants. Inasmuch as the parties have not tendered any replies to Alden’s asserted cause of action, this court can only presume that issue has not yet been joined between the parties therein. Accordingly, and since no party has requested any relief with respect to Alden’s cause of action, only plaintiff’s claim will be considered here (cf., Pease & Elliman v 926 Park Ave. Corp., 23 AD2d 361, affd 17 NY2d 890; cf., also, CPLR 3212 [e]).

. The Act provides that actual notice of an in rem action must be given to any mortgagee or lienor who files a "notice of interest” in real property with the county (cf., Erie County Tax Act § 11-14.0). Plaintiff never filed such a notice.